IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUKE CASILLAS | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:21-cv-00708 |
| | § | |
| NATIONWIDE GENERAL INSURANCE | § | |
| COMPANY | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Nationwide General Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Luke Casillas v. Nationwide General Insurance Company*; Cause No. 2021CI12785; In the 285th Judicial District of Bexar County, Texas.

## I.
## BACKGROUND

Plaintiff Luke Casillas (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. 2021CI12785; In the 285th Judicial District of Bexar County, Texas  on June 25, 2021 (the "State Court Action").  *See* Plaintiff's Original Petition, attached as **Exhibit A**.

1.      Defendant appeared and answered on July 26, 2021, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.  *See* Defendant's Original Answer, attached as **Exhibit B**.

2.      Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.

3.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through his attorney of record, and to the clerk of the 285th Judicial District Court of Bexar County, Texas.

4.      Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

5.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Diversity of Parties**

6.      Plaintiff is domiciled in Bexar County, Texas.  *See* **Exhibit A**, ¶ 2.  Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

7.      Nationwide General Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

8.      Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.      Amount in Controversy**

9.      It is facially apparent from Plaintiff's live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in

the initial pleading shall be deemed to be the amount in controversy."[1] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[2] In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[3]

10.     Here, Plaintiff seeks "monetary relief over $225,,000." **Exhibit A**, Plaintiff's Original Petition, at ¶ 4. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition

11.     Plaintiffs further seeks compensation for (1) actual damages, (2) statutory damages, (3) treble damages, (4) exemplary damages; (5) attorney's fees; and (6) pre- and post-judgment interest. *See* **Exhibit A, ¶¶ 61-67**. Plaintiffs has alleged that Defendant's conduct was wrongful and done knowingly, entitling him to a trebling of actual damages under Texas Insurance Code Chapter 541.   *See* **Exhibit A,** ¶ 63; Tex. Ins. Code sections 541.002 & 541.152.   Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[4]

12.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.   Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[1]     28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[2]     *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[3]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[4]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

**III.**
**CONCLUSION**

13.     Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

14.     WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT**
**NATIONWIDE GENERAL INSURANCE**
**COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and certified mail this the 26th day of July, 2021 to:

Shaun W. Hodge                                          *<u>#9414 7266 9904 2178 2243 06</u>*
Katherine C. Hairfield
Jahan Guram
Anthony Clarkson
The Hodge Law Firm, PLLC
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
shodge@hodgefirm.com
khairfield@hodgefirm.com
jguram@hodgefirm.com
aclarkson@hodgefirm.com


*/s/ Patrick M. Kemp*
Patrick M. Kemp